12-1097-cr
United States v. Friedland

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand thirteen.

Present:
      PIERRE N. LEVAL,
      ROBERT A. KATZMANN,
      PETER W. HALL,
            *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

      *Appellee*,

        v.                              No. 12-1097-cr

ROBERT FRIEDLAND,

      *Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellee: | Brian R. Blais and Justin S. Weddle, Assistant United States Attorneys, for Preet Bharara, United States Attorney for the Southern District of New York. |
| For Defendant-Appellant: | David M. Samel, New York, NY. |

Appeal from the United States District Court for the Southern District of New York (Sand, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Robert Friedland appeals from a judgment of conviction entered on March 19, 2012 by the United States Court of Appeals for the Southern District of New York (Sand, *J.*) following a jury trial. Friedland was convicted of forging the signature of a federal judge in violation of 18 U.S.C. § 505, knowingly possessing a false paper with the intent to defraud the United States and to enable another to obtain money from the United States in violation of 18 U.S.C. § 1002, and wire fraud in violation of 18 U.S.C. § 1343. He appeals only the latter two convictions, arguing that there was insufficient evidence for the jury to conclude that he intended to defraud the government. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We must affirm if "*any* rational trier of fact" could have found the necessary facts to convict the defendant. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Friedland in essence contends that no reasonable jury could find that he intended to defraud the government because there was no chance that his outlandish scheme stood any chance of success. However, just because his scheme was ill-conceived does not mean that a reasonable jury could not conclude that he intended it to succeed. The jury could reasonably have inferred intent from, among other things, Friedland's repeated attempts to convince his employers that the forged federal grant was genuine, which, if successful, would have led them to try to collect the grant money from the federal government.

2

Friedland argues that there are numerous other inferences that one could draw from his conduct, including that he was pulling a prank on his employers or that he was simply delusional. However, "[t]he possibility that inferences consistent with innocence as well as with guilt might be drawn from . . . [the] evidence" does not render the evidence supporting the jury's verdict insufficient. *United States v. MacPherson*, 424 F.3d 183, 190 (2d Cir. 2005). "[I]t is the task of the jury, not the court, to choose among competing inferences." *Id.* (internal quotation marks omitted). Viewing the evidence in the light most favorable to the government, a jury could easily have found that Friedland possessed the requisite intent to defraud the government.

We have considered Friedland's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
